Argued and submitted March 3, affirmed November 19, 1997

STATE OF OREGON,
by and through the Director of the
Department of Consumer and Business Services,
*Respondent,*

*v.*

J. M. MARSON CO., INC.,
an involuntarily revoked California corporation,
and Michael A. DeMarie and Kimberly A. DeMarie,
individually,
*Appellants.*

(96C-10203; CA A94639)

949 P2d 318

Gregory W. Byrne argued the cause and filed the briefs for appellants.

Mary H. Williams, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton, Judge, and Joseph, S. J.*

JOSEPH, S. J.

---

## JOSEPH, S. J.

The director of the Department of Consumer and Business Services (DCBS) brought this action pursuant to ORS 656.054 to recover reimbursement from defendants as noncomplying employers for amounts paid relating to a workers' compensation claim filed by an employee of defendants. Plaintiff was awarded a summary judgment for the full amount claimed. Defendants appeal.

Defendant corporation was a California corporation authorized to do business in Oregon; defendant individuals were its president and secretary, respectively. On August 16, 1990, the corporation was working on an apartment project in Portland. An employee reported to the superintendent that another employee, Talley, had fallen from a ladder and broken his wrist. The superintendent told defendant Michael DeMarie about the report. Talley saw a doctor the same day. He hired a lawyer, who notified DeMarie that he would file a compensation claim. DeMarie notified the corporation's Arizona compensation carrier but was told that the Oregon claim was not covered. Talley's attorney then requested that the Oregon Workers' Compensation Division investigate the corporation's compliance with the Oregon workers' compensation law.

On October 25, 1990, the division issued a proposed and final order finding Talley to be a subject employee and the corporation to be a noncomplying employer because it did not meet the self-insured or carrier-insured requirements of ORS 656.017. The order also contained a notice of the right to request a hearing. The corporation requested a hearing on the notice but withdrew the request, and the order became final.

Meanwhile, on December 20, 1990, SAIF, to which the claim had been referred pursuant to the then existing version of ORS 656.054, accepted the claim, despite the fact that the file contained information that Talley had told his first doctor that he had suffered his injury playing sandlot football and only later changed his story to claim that he had fallen from a ladder at work. Defendants did not request a

hearing on the acceptance. SAIF made all the required payments on the claim. Under the statute, DCBS was required to reimburse SAIF for the claim costs. In this action, defendants denied knowing about Talley's differing stories about the accident until DCBS initiated efforts to obtain reimbursement under ORS 656.054(3).

In their reply brief, defendants state their case fairly succinctly:

> "Defendants have not placed compensability in issue. To avoid having to reimburse DCBS defendants do not have to prove that Talley's injury was not compensable, only that SAIF paid compensation as a result of improper claims processing or that compensability was *questionable* and the rationale for acceptance was not reasonably documented in accordance with generally accepted claims management procedures. ORS 656.054(4). If either fact is proven, DCBS has violated the statute and reimbursed SAIF as a volunteer, and cannot recover from defendants.

> "There is no statutory or case authority preventing a noncomplying employer from disputing DCBS's right to reimbursement. Nothing in ORS chapter 656 precludes a noncomplying employer from contesting a reimbursement claim by DCBS. To be sure, a noncomplying employer may not later dispute the extent of the worker's injury or the amount of compensation to which he was entitled, but defendants are not raising such issues here." (Emphasis defendants'; citation omitted.)

To state it even more succinctly, defendants claim that, by contesting their obligation to DCBS, they may obtain a judicial examination of how DCBS administered its obligation to reimburse SAIF.

When Talley was injured in 1990, and during the time when SAIF was processing his claim and DCBS was incurring its initial liability to reimburse SAIF's claim costs, ORS 656.054 did not contain a provision like subsection (4), on which defendants rely. The first version of that subsection and subsection (5) were added in 1991. Or Laws 1991, ch 679, § 1. They provided:

> "(4)   Periodically the director shall audit the files of the State Accident Insurance Fund Corporation to validate the

amount reimbursed pursuant to subsection (3) of this section. Reimbursement shall not be allowed, if upon such audit, any of the following are found to apply:

"(a) Compensation has been paid as a result of untimely, inaccurate, or improper claims processing;

"(b) Compensation has been paid negligently for treatment of any condition unrelated to the compensable condition;

"(c) The compensability of an accepted claim is questionable and the rationale for acceptance has not been reasonably documented in accordance with generally accepted claims management procedures;

"(d) The separate payments of compensation have not been documented in accordance with generally accepted accounting procedures; or

"(e) The payments were made pursuant to a disposition agreement as provided by ORS 656.236 without the prior approval of the director.

"(5) The State Accident Insurance Fund Corporation may appeal any disapproval of reimbursement made by the director under this section pursuant to ORS 183.310 to 183.550 and such procedural rules as the director may prescribe."

After the 1995 amendments, the subsections now provide:

"(4) Periodically, or upon the request of a noncomplying employer in a particular claim, the director shall audit the files of the State Accident Insurance Fund Corporation and any assigned claims agents to validate the amount reimbursed pursuant to subsection (3) of this subsection. The conditions for granting or denying of reimbursement shall be specified in the contract with the assigned claims agent. The contract at least shall provide for denial of reimbursement if, upon such audit, any of the following are found to apply:

"(a) Compensation has been paid as a result of untimely, inaccurate, or improper claims processing;

"(b) Compensation has been paid negligently for treatment of any condition unrelated to the compensable condition;

"(c) The compensability of an accepted claim is questionable and the rationale for acceptance has not been reasonably documented in accordance with generally accepted claims management procedures;

"(d) The separate payments of compensation have not been documented in accordance with generally accepted accounting procedures; or

"(e) The payments were made pursuant to a disposition agreement as provided by ORS 656.236 without the prior approval of the director.

"(5) The State Accident Insurance Fund Corporation and any assigned claims agent may appeal any disapproval of reimbursement made by the director under this section pursuant to ORS 183.310 to 183.550 and such procedural rules as the director may prescribe."

Defendants rest their case on the 1991 version. At oral argument, their counsel conceded that it would be difficult for them to prevail under the 1995 amendments. The reason for that is plain. The 1995 amendments to ORS 656.054 quoted above, as well as others not set out in this opinion, reflect a change in the way claims by employees of noncomplying employers are to be administered. Instead of all of them being the responsibility of SAIF, DCBS now has the authority to enter into contracts with what are called "assigned claims agents" for processing the claims. The statute is very clear that it is concerned only with what those contracts must minimally provide in order to provide an audit trail. It would, indeed, be very difficult to argue that, as between DCBS and a noncomplying employer, the statute as amended in 1995 is intended to preserve a route for the employer to secure judicial review of how a particular claim was processed. There is not a word in the statute that would lead us away from the plain meaning of the words used in order to discover an unexpressed legislative intention. If the 1995 version of the law applies here, the trial court was correct in granting the summary judgment.

If we were to apply the 1991 version of the statute and hold that it created a right for noncomplying employers to have judicial review of reimbursement determinations, we would be hard pressed to explain why the 1995 legislature

*sub silentio* took away that right while leaving in place a subsection (5) that is the equivalent of the 1991 subsection that expressly did create a right for SAIF to contest unfavorable DCBS nonreimbursement determinations.

Moreover, defendants' interpretation ignores the last two sentences of the 1991 version of ORS 656.054(1):

"At any time within which the claim may be accepted or denied as provided in ORS 656.262, the employer may request a hearing to object to the claim. If an order becomes final holding the claim to be compensable, the employer is liable for all costs imposed by this chapter, including reasonable attorney fees to be paid to the worker's attorney for services rendered in connection with the employer's objection to the claim."

That language, without any change, also appears in the 1995 version. It makes plain the 1991 and 1995 legislatures' intention that the procedure for challenging a claim, and obtaining protection from liability to DCBS, is to request a hearing when the claim is being processed.

Defendants did not do that. We conclude that the statute was never intended to give a noncomplying employer a second chance to avoid its responsibility for an injury to an employee.

The trial court properly granted plaintiff's motion for summary judgment.

Affirmed.